# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CARLA RENEE ROCKWOOD,
substitute party for DAVID NELSON
KIFER (deceased),

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

    Defendant.

Case No. 15-CV-408-FHM

## OPINION AND ORDER

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [Dkt. 32] is before the Court. Counsel seeks approval of an attorney fee award of $ 6,533 pursuant to the terms of 42 U.S.C. § 406(b) and the contingency fee contract between Plaintiff and counsel. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed she does not object to the requested fee award of $6,533. [Dkt. 37].

Section 406(b)(1) allows an award of attorney fees, payable from the past due benefits withheld by the Social Security Administration, when the district court has remanded a Social Security disability case for further proceedings and benefits are awarded on remand. *McGraw v. Barnhart*, 450 F.3d 493 (10th Cir. 2006). 42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their

counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

In determining whether a fee resulting from a contingency fee contract is reasonable, it is appropriate to adjust the attorney's recovery based on the character of the representation and the results the representation achieved. A reduction is in order if the attorney is responsible for delay, so the attorney will not profit from the accumulation of past-due benefits while the case is pending in court. In addition, if the benefits are large in comparison to the amount of time counsel spent on the case, the fee award may be adjusted. *Id.* 535 U.S. at 808, 122 S.Ct. at 1828. Further, the burden to prove the fee is reasonable is placed upon the attorney seeking the fee. *Id*. at n.17.

Plaintiff and counsel entered into a contract, [Dkt. 32-1], which is a contingency fee arrangement that provides if the attorney prevails before the federal court on Plaintiff's behalf, and Plaintiff is awarded benefits by the Social Security Administration, Plaintiff agrees to pay counsel a fee for federal court work equal to 25% of the past due benefits. The requested fee award of $6,533 is approximately 19% of Plaintiff's past due benefit award as reflected in the record submitted. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $ 375 per hour for 17.4 hours of attorney work performed before the district court, which the court finds does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a

2

straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. The court finds that the requested fee award of $6,533 is reasonable.

The Commissioner withheld 25% of Plaintiff's past due benefits for payment of attorney fees [Dkt. 32-2, p. 2]. Due to payments made for Plaintiff's representation in proceedings before the Commissioner, $2501 of that remains for the payment of counsel's fee. *Id.*[1] Plaintiff was previously awarded $4,032 under the Equal Access to Justice Act (EAJA), 24 U.S.C. § 2412. The EAJA award of $4,032 together with the remaining $2,501 being held by the Commissioner equals the $6,533 being requested by counsel under §406(b). Counsel's motion represents: "[i]f the 406(b) fee award is granted and paid, any EAJA fees are awarded and paid to counsel which ultimately results in counsel being double paid for the same work shall immediately be refunded to Rockwood." [Dkt. 32, pp. 8-9].

Generally, when receiving an award of fees under both the EAJA and §406(b), counsel is required to return the lesser of the two fee awards to the client. *See, Weakley v. Bowen,* 805 F.2d 575, 580 (10th Cir. 1986). In this case, since the remaining funds retained by the Commissioner from Plaintiff's past due benefits do not satisfy the entire fee which Plaintiff agreed to pay, and since Plaintiff would still owe counsel the difference, counsel asks that the court forego ordering the return of the smaller of the two fee awards. In *Martinez v. Berryhill,* 699 Fed.Appx. 775, 776-777 (10th Cir. 2017), to avoid the

---

[1] The briefs of Plaintiff's counsel and the Commissioner both contain discussion about what may happen if the Commissioner fails to withhold sufficient funds. The parties' discussions do not demonstrate that the court has any role to play under such circumstances. Therefore, the parties' discussion of the issue has played no part in the court's decision.

bookkeeping task of refunding the (smaller) EAJA fee, counsel reduced the amount of the §406(b) request so that the §406(b) fee together with the EAJA fee the total sum received by counsel amounted to 25% of Plaintiff's past due benefits as called for by the contingency fee agreement. The Court said it disfavored that method of handling EAJA refunds, but it had not categorically ruled out the method as improper. The undersigned finds that *Martinez* provides some authority for counsel's request in this case.

In the present case, requiring counsel to refund the smaller of the two awards to Plaintiff would leave Plaintiff owing counsel a portion of the attorney fee which counsel could then collect from Plaintiff. Rather than requiring counsel to engage in that convoluted process, the court finds it appropriate to permit counsel to retain the funds ($2501) still being held by the Commissioner if, as it appears, that will not result in counsel's receipt of a fee amount in excess of the $6,533 the court has found to be a reasonable attorney fee.

Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 32], is GRANTED as follows:

Counsel is awarded $6,533 pursuant to 42 U.S.C. § 406(b). The Commissioner is directed to release to Plaintiff's counsel the remaining sum being withheld from past due benefits for attorney fee payment, which the record reflects is $2,501. If this results in counsel receiving more than $6,533, counsel is required to refund the excess to Plaintiff.

SO ORDERED this 13th day of February, 2019.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4